FRANK A. MAGUIRE and Others, Appellants, *v.* YELLOW TAXICAB CORPORATION and FRANK STARAPOLI, Defendants, Impleaded with OSCAR SPECK, Respondent.

First Department, January 28, 1938.

*Nathan Ottinger*, for the appellants.

*Walter L. Glenney* of counsel [*Chauncey L. Grant*, attorney], for the respondent.

COHN, J. The respondent Oscar Speck is a resident of the State of Connecticut. He came by automobile to New York city on December 3, 1930, to visit some friends. While operating his car here on that day he collided with a taxicab, causing appellants' injuries, to recover damages for which this action is brought. More than three years after the date of the occurrence of the accident and on January 23, 1934, appellants served a summons upon Speck, by delivery thereof to the Secretary of State of the State of New York and by a compliance with the other provisions of section 52 of the Vehicle and Traffic Law. In an attempt to commence the action against respondent and in order to extend the period of limitation for sixty days, as provided by section 17 of the Civil Practice Act, they had previously and on November 29, 1933, delivered the summons to the sheriff of New York county for service. Respondent appeared generally on February 6, 1934, and answered on March 26, 1934, setting up as a defense the Statute of Limitations and also setting forth the Connecticut Statute of Limitations, the latter statute being alleged in order to show that the limitation under the laws of the State of Connecticut is no greater than under the New York law. (Civ. Prac. Act, § 55.) Appellants by reply averred that, after the cause of action set forth in the complaint had accrued against respondent, he departed from the State and remained continuously absent therefrom for one year or more and, excepting the time while he was absent from the State as aforesaid, three years did not elapse between the accrual of the cause of action and the commencement thereof.

We think that the learned justice at Special Term correctly held that in the circumstances of this case the delivery of the summons to the sheriff of New York county did not constitute compliance with section 17 of the Civil Practice Act. That section permits the commencement of an action against a defendant, by delivery of the summons to the sheriff of the county " in which that defendant, or one of two or more co-defendants who are joint contractors or otherwise united in interest with him, resides or last resided," provided that, within sixty days after the time limited for the commencement of the action, personal service or service

by publication or substituted service is effected. However, respondent was not united in interest with the other defendants, each of whom resided in New York county, but the interests of the resident defendants and those of respondent were clearly adverse, for it is to the interest of the resident defendants to escape liability, if possible, and to fix it upon respondent. As respondent never resided in this State, nor was any codefendant resident united in interest with him, service of the summons attempted by appellants under section 17 was ineffectual.

We are of the opinion, however, that the Special Term erred in deciding that service upon Speck in compliance with the provisions of section 52 of the Vehicle and Traffic Law came too late, and was, therefore, barred by the Statute of Limitations. We believe that the complaint should not have been dismissed as to respondent, as his continuous absence from the State for more than one year following the accident withheld the running of the statute in his favor, it appearing that he did not bring himself within the exception set forth in section 19 of the Civil Practice Act.

The effect of respondent's absence from the State, in so far as it limits the time for the commencement of an action, is set forth in section 19 of the Civil Practice Act which, so far as material, reads as follows:

"§ 19. Effect of defendant's absence from State * * *. If, after a cause of action has accrued against a person, he departs from the State and remains continuously absent therefrom for the space of one year or more, * * * the time of his absence * * * is not a part of the time limited for the commencement of the action. But this section does not apply while a designation made in pursuance of law of a resident of the State on whom a summons may be served for another person or corporation remains in force." (Amd. by Laws of 1928, chap. 809, in effect Sept. 1, 1928.)

As respondent concededly departed from this State and remained continuously absent therefrom for more than a year, the time of his absence is not part of the time limited for the commencement of the action, unless he can bring himself within the exception which declares that the section shall not apply "while a designation made in pursuance of law of a resident of the State on whom a summons may be served for another person * * * remains in force."

Section 52 of the Vehicle and Traffic Law (Laws of 1929, chap. 54, as amd. by Laws of 1930, chap. 57) when this accident occurred read, in part, as follows: "The operation by a nonresident of a motor vehicle * * * on a public highway in this State * * * shall be deemed equivalent to an appointment by such nonresident

of the Secretary of State to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle on such a public highway * * * and such operation shall be deemed a signification of his agreement that any such summons against him which is so served shall be of the same legal force and validity as if served on him personally within the State."

Under the other provisions of this section of the Vehicle and Traffic Law service of summons must be made by plaintiff by leaving a copy thereof with a fee of two dollars with the Secretary of State and by sending forthwith notice of such service and a copy of the summons by registered mail to the defendant, and by filing with the clerk of the court in which the action is pending the defendant's return receipt, plaintiff's affidavit of compliance with the statutory requirements and a copy of the summons and complaint. Service also may be made by leaving a copy of the summons with the fee of two dollars with the Secretary of State and by delivering a duplicate copy with the complaint annexed, to the defendant personally without the State, as provided in the statute. Personal service without the State is complete ten days after proof thereof is filed. The section further provides that the court in which the action is pending may order such extensions as necessary to afford defendant a reasonable opportunity to defend the action. Our highest court, in line with decisions of the United States Supreme Court, has held that, where this statute has been complied with and the defendant has received notice of service of the summons, a judgment rendered is in accordance with due process of law. (*Shushereba* v. *Ames*, 255 N. Y. 490, 492; *Hess* v. *Pawloski*, 274 U. S. 352; *Wuchter* v. *Pizzutti*, 276 id. 13.)

The involuntary appointment by a non-resident of the Secretary of State as a person upon whom the summons may be served, thus provided by our statute, is not, in our opinion, a designation made in pursuance of law of a resident of the State, for the designation referred to in section 19 of the Civil Practice Act is a voluntary one and does not include the involuntary appointment which the Vehicle and Traffic Law provides. An example of a voluntary designation comprehended by section 19 would be one in writing made by a resident of the State of full age, of another resident upon whom a summons or any process might be served during the former's absence from the State, as provided by section 227 of the Civil Practice Act. Indeed, section 401 of the Code of Civil Procedure, which was supplanted by section 19 of the

Civil Practice Act, specifically exempted from its operation a designation prescribed by section 430 of the Code of Civil Procedure (now section 227 of the Civil Practice Act).

Moreover, the designation to which section 19 of the Civil Practice Act refers is one that is subject to revocation, for the exception, according to the language used, applies only while the designation " *remains in force.*" The appointment of the Secretary of State by the terms of the Vehicle and Traffic Law is not only compulsory but is also irrevocable.

Section 19 of the Civil Practice Act was adopted substantially in its present form by chapter 925 of the Laws of 1920. Section 52 of the Vehicle and Traffic Law was not enacted until 1929. The method of service of summons which the Vehicle and Traffic Law prescribes with its many intermediate steps and conditions heretofore outlined before service is perfected is quite different from the service provided in a general designation applying to all types of actions and voluntarily made by a resident of the State of another resident.

The trend of adjudications in this State has long been in the direction of broadening the scope and operation of the general rules regulating limitations embodied in the statute. (*Sharrow* v. *Inland Lines, Ltd.*, 214 N. Y. 101, 108; *Gaines* v. *City of New York*, 215 id. 533; *Conolly* v. *Hyams*, 176 id. 403.) " A Statute of Limitations is to be liberally construed in favor of the claimant." (*National Surety Co.* v. *Ruffin*, 242 N. Y. 413, 418, 419.) A nonresident defendant who, having caused injury to others in an accident, thereafter absents himself from the State, thus preventing personal service of process upon him within the State, is not entitled to the benefit of a statutory exception which permits the running of the Statute of Limitations during the time of his absence unless he has brought himself squarely within the language of the exception. (Cf. *Bode* v. *Flynn*, 213 Wis. 509; 252 N. W. 284; *Chemung Canal Bank* v. *Lowery*, 93 U. S. 72, 77.)

For the foregoing reasons we think that respondent has not brought himself within the exception set forth in section 19 of the Civil Practice Act, that the time of respondent's absence from the State is not part of the time limited for the commencement of the action and that the motion to dismiss the complaint should not have been granted.

The order and judgment should be reversed, with costs, and the motion denied.

GLENNON and UNTERMYER, JJ., concur; MARTIN, P. J., and DORE, J., dissent and vote for affirmance.

DORE, J. (dissenting). The designation provided for in section 52 of the Vehicle and Traffic Law of the Secretary of State as true and lawful attorney on whom a summons may be served against a non-resident operating a motor vehicle on a public highway in this State is, under section 19 of the Civil Practice Act, " a designation made in pursuance of law of a resident of the State on whom a summons may be served." The provisions of section 52 enable a resident who desires to sue such non-resident to start the action as promptly as if the non-resident were here or as if he had in writing expressly designated a person resident here on whom process could be served for him. The designation " remains in force " as long as section 52 remains a part of the statutory law of the State.

Under the construction of the majority of the court, in spite of the clear provisions of section 52 of the Vehicle and Traffic Law and section 19 of the Civil Practice Act, a resident of this State may delay, as these plaintiffs have done for three years — or, under the rule announced, for five, ten or even twenty years — and then commence an action by serving the Secretary of State and for the first time apprise a defendant of the claim when all likelihood of securing witnesses or preparing a defense has been lost by lapse of time. To prevent such unjust results statutes of repose or limitation have been enacted. No reason is shown on principle why the salutary purposes of the statutes should not apply.

The time of a continuous absence from the State is not part of the time limited for the commencement of an action for the reason that it is impossible because of the absence to obtain service. In this case plaintiffs at all times could obtain service by virtue of section 52. That section was enacted subsequent to the adoption of section 19 of the Civil Practice Act and granted a privilege not theretofore existing in favor of a plaintiff; with this privilege there is an accompanying obligation of serving the Secretary of State within the usual time limited by statute.

Where the provisions of section 52 are applicable, it should be considered that the Statute of Limitations runs from the date of the accident because from that moment the defendant is by statute always available for service within this State as much as any resident of the State.

Accordingly I dissent and recommend that the judgment and order appealed from be affirmed, with costs.

MARTIN, P. J., concurs.

Judgment and order reversed, with costs, and the motion denied.