CONCETTA GUASTELLA et al., Plaintiffs, *v.* ERNEST REICHENBACK, Also Known as ERNEST RICKENBACKER, Defendant.

Supreme Court, Special Term, New York County, October 26, 1955.

*William C. Morris* for defendant.

*Harry R. Schwartz* for plaintiffs.

Gold, J. Defendant moves pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice, for dismissal of each of the causes stated in the complaint upon the ground that they are barred by the Statute of Limitations. Each cause accrued July 18, 1948. Defendant was discovered at his present residence in the State of New Jersey in June, 1955, when this suit was initiated by service of the summons and complaint upon the Secretary of State. At the time of the accident defendant was a resident of this State and the time of his departure therefrom is unknown. It does not appear that he dwelled at any time within the State under an assumed name.

If defendant had not left the State after accrual of the cause and until more than three years thereafter, the service of the summons would be obviously untimely. The invocation of the provisions of the Vehicle and Traffic Law necessarily implies a departure from the State after accrual and before the passage of three years. Such departure and continued absence for four months or more would ordinarily toll the running of the statute (Civ. Prac. Act, § 19). However, that statute also provides that it is inapplicable where a designation, voluntary or involuntary, is made pursuant to law. In the circumstances here, section 52-a of the Vehicle and Traffic Law is applicable. Consequently, defendant's absence is unavailable and the time of such absence is part of the time limited for the commencement of suit. In any view of the facts, whatever they may be, the cause is one which requires commencement of suit within three years from accrual of the cause.

The motion is granted.