Percy D. Stoddart, J.
Motion by the defendant Fred E. Stuart, appearing specially, to dismiss the complaint on the ground that the cause of action is barred by the Statute of Limitations.
On July 13, 1952 the plaintiff was struck by a motor vehicle driven by the defendant Fred E. Stuart. On April 12, 1956 a summons and complaint were purportedly served upon Fred E. Stuart.
Obviously, as more than three years (Civ. Prac. Act, § 49) have elapsed since the date of the accident, a cause of action for personal injuries is barred unless the statute is tolled. It appears that between the date of the accident and the date of the alleged service of process the movant was absent from the State on five separate occasions with each period of absence being in excess of four months. Under section 19 of the Civil Practice Act such absences would not be considered as part of the three years were it not for subdivision 1 of section 19 of the Civil Practice Act and sections 52 and 52-a of the Vehicle and Traffic Law. It is provided in section 19 insofar as pertinent, ‘‘ But this section does not apply in either of the following cases: 1. While a designation or appointment, voluntary or involuntary, made in pursuance of law, of a resident or nonresident person, corporation, or private or public officer on whom a summons may be served within the state for another resident or non-resident person or corporation with the same legal force and validity as if served personally on such person or corporation within the state, remains in force.” (Italics supplied.) By sections 52 and 52-a of the Vehicle and Traffic Law service of process may be made on the Secretary of State in accident cases involving a nonresident operator of a motor vehicle or one who is resident but is absent from the State for more than 30 days. Therefore, as the movant was either present in the State or absent for intervals making operative sections 52 and 52-a, process should have been served upon him personally within the three-year period or upon the public officer provided in the statute.
Accordingly, the motion is granted.
Settle order on notice.