Charles B. Brasser, J.
This action is based in negligence as a result of a motor vehicle collision occurring in New York State on November 28,1951. At the time of the accident, the defendant was a resident of the State of New York, but prior to the running *638 of the Statute of Limitations in such type of action, the defendant removed himself from the State of New York and took up residence in the State of Massachusetts, where he still resides.
The action was commenced May 23,1956, by service of a summons and complaint in accordance with sections 52 and 52-a of the Vehicle and Traffic Law of the State of New York.
The defendant has moved to dismiss the complaint pursuant to rule 107 of the Rules of Civil Practice on the ground that the action was not commenced within the time permitted by law. The plaintiff contends that the Statute of Limitations was tolled by reason of the provisions of section 19 of the Civil Practice Act. As applicable to the facts of the case at bar section 19 of the Civil Practice Act provides as follows: “ If, after a cause of action has accrued against a person, he departs from the state and remains continuously absent therefrom for the space of four months or more * * * the time of his absence * * * is not a part of the time limited for the commencement of the action. But this section does not apply in either of the following cases: 1. While a designation or appointment, voluntary or involuntary, made in pursuance of law, of a resident or nonresident person, corporation, or private or public officer on whom a summons may be served within the state for another resident or non-resident person or corporation with the same legal force and validity as if served personally on such person or corporation within the state, remains in force. ’ ’
Section 52 of the Vehicle and Traffic Law provides for the service of a nonresident motor vehicle operator or owner by service upon the Secretary of State as his true and lawful attorney to receive service in any action arising out of accident or collision involving said motor vehicle or such nonresident operator. Further, such service is, by said section, given the same legal force and validity as if personal service within the State were made. Section 52-a makes applicable the provisions of section 52 to a resident who departs from the State subsequently to the accident or collision and remains absent therefrom for 30 days continuously.
It has been held in Maguire v. Yellow Taxicab Corp. (253 App. Div. 249, affd. 278 N. Y. 576), in an action of the type here involved, that service of a summons pursuant to the provisions of sections 52 and 52-a of the Vehicle and Traffic Law more than three years after the occurrence of the accident, was not such late service as would bar the maintenance of the action. The basis for such decision was that the designation of the Secretary of State for service was an “ involuntary ” designation, whereas *639 the exception made by subdivision 1 of section 19 of the Civil Practice Act, as it then read, did not include an “ involuntary ” appointment. In other words, section 19, as it then read, tolled the Statute of Limitations in an action against a nonresident provided there had been no voluntary appointment of a resident to receive service of process during absence from the State. Subdivision 1 of section 19 of the Civil Practice Act was amended (L. 1943, ch. 263, eff. Sept. 1, 1943) to include an involuntary appointment, made in pursuance of law, of a public officer upon whom a summons may be served. Under the amended statute, the Statute of Limitations is not tolled by reason of the provisions of section 19 of the Civil Practice Act, for the reason that there is a designated public officer upon whom a summons may be served within the State, and service upon whom has the same legal force and validity as though personal service within the State were made.
The motion to dismiss is granted.
Submit order.