Nicholas M. Pette, J.
Motion by defendant Fussell (hereinafter called the defendant) for an order dismissing the complaint upon the ground that the cause of action therein alleged is barred by the Statute of Limitations (Rules Civ. Prac., rule 107, subd. 5).
The complaint alleges a cause of action for negligence in that on January 25,1954, after sunset, plaintiff’s car ran into defend *603 ant’s truck which was allegedly parked without lights on the paved portion of a public highway, known as Sunrise Highway, in Valley Stream. At the time, defendant’s truck bore a North Carolina registration. This action was commenced by the service of a summons and complaint on the Secretary of State of the State of New York on February 24,1958.
Actions for negligence must be commenced within three years (Civ. Prac. Act, § 49, subd. 6). The statute is tolled during defendant’s absence from the State, except while there is in effect a designation of someone upon whom process can be served within the State with the same legal force and validity as if served personally on the defendant within the State (Civ. Prac. Act, § 19). Defendant contends that since January 25, 1954, there has been a designated public officer upon whom service could have been made, to wit, the Secretary of State of the State of New York, that, therefore, defendant has been continually amenable to the process of the courts of this State since the date of the accident.
Shortly after the accident, plaintiff retained an attorney who made an investigation of the case and obtained defendant’s address from the Motor Vehicle Bureau of North Carolina. In February, 1954 said attorney served the Secretary of State of the State of New York, pursuant to section 52 of the Vehicle and Traffic Law, and forwarded the summons by registered mail to the defendant at Rose Hill, North Carolina, the address furnished by the North Carolina Motor Vehicle Bureau. The letter was returned by the postal authorities marked ‘ moved, left no address ”. Unable to proceed, the attorney returned the file to the plaintiff, stating that he could do nothing further since he could not locate the defendant.
In December, 1955 plaintiff retained his present attorney who, by investigation in West Virginia, North Carolina and South Carolina, finally learned that defendant was living and conducting her business at Hollywood, South Carolina. Plaintiff’s attorney first learned of this address in January, 1956 and confirmed it through an attorney in Charleston, South Carolina, in January, 1957. Defendant had never notified the North Carolina authorities of her change of address nor had she registered with the Interstate Commerce Commission.
Section 52 of the Vehicle and Traffic Law provides that the operation of a motor vehicle in this State by a nonresident or the operation of a motor vehicle owned by a nonresident with his consent shall be deemed equivalent to an appointment by such nonresident of the Secretary of State to be his lawful attorney upon whom may be served the summons in any action *604 against him growing out of any accident in which the motor vehicle may be involved, and such operation shall be deemed a signification of his agreement that any such summons against him so served shall be of the same legal force and validity as if served on him personally within the State and within the territorial jurisdiction of the court from which the summons issues.
Such involuntary designation of the Secretary of State as a person upon whom the summons can be served was held not to constitute the designation contemplated by section 19 of the Civil Practice Act. (Maguire v. Yellow Taxicab Corp., 253 App. Div. 249, affd. 278 N. Y. 576.) Thereafter, section 19 was amended on the recommendation of the Law Revision Commission (1943 Report of N. Y. Law Rev. Comm., p. 127 et seq.; L. 1943, ch. 263). The rationale of the commission’s recommendation was stated by it as follows (p. 136):
‘ ‘ These exceptions are in effect a recognition that the Statute of Limitations should not be suspended as against a person who, though out of the state, may nevertheless be sued within the state with the same effect as if he were here, and against whom a binding personal judgment may be obtained. “ * * * In any situation where such an involuntary agency is applicable, the defendant is always amenable to service within this state, and the Statute of Limitations should not be tolled. The Commission recommends an amendment of section 19 to refer to an appointment, voluntary or involuntary, of such an agent. ’ ’
This recommendation was adopted by the Legislature (L. 1943, ch. 263).
In order to effect service upon a defendant through the Secretary of State, subdivision 2 of section 52 of the Vehicle and Traffic Law requires that a copy of the summons be delivered to the Secretary of State with a fee of $2 and that notice of such service and a copy of the summons and complaint be sent by the plaintiff to the defendant “ by registered mail with return receipt requested. The plaintiff shall file with the clerk of the court in which the action is pending, or with the judge or justice of such court in case there be no clerk, an affidavit of compliance herewith, a copy of the summons and complaint, and either a return receipt purporting to be signed by the defendant or a person qualified to receive his registered mail, in accordance with the rules and customs of the post-office. department; or, if acceptance was refused by the defendant or his agent, the original envelope bearing a notation by the postal authorities that receipt was refused, and an affidavit by or on behalf of the plaintiff that notice of such mailing and refusal *605 was forthwith sent to the defendant by ordinary mail. * * * Service of process shall be complete ten days after such papers are filed.” (Italics supplied.)
In the instant case, it will be noted that plaintiff’s original attempt to serve the defendant, pursuant to section 52, was frustrated because it was impossible to obtain either a return receipt or the return of the original envelope bearing a notation that it was ‘ refused ’ ’. Defendant neither accepted nor refused it. She had merely moved away leaving no address. Without proof of such receipt or refusal, service on the Secretary of State in and of itself did not have the same ‘ legal force and validity as if served personally” on the defendant within the State. Thus, under the circumstances of this case, defendant’s involuntary designation of the Secretary of State, pursuant to section 52 of the Vehicle and Traffic Law, did not constitute a designation within the meaning and intent of section 19 of the Civil Practice Act.
The purpose of the exception which permits the running of the Statute of Limitations during the absence of a nonresident is to protect those who have in the interim been amenable to process. Defendant not having been so amenable is not entitled to the benefit of the exception.
The motion is denied.
Submit order.