James J. Crisona, J.
Motion by defendant, appearing specially, to set aside service of the summons and complaint.
The following facts appear from the moving affidavit, the exhibit annexed thereto and the papers on file in this court. No affidavit was submitted in opposition although a memorandum of law was. The automobile accident which forms the basis of this action occurred in this county on April 12, 1955. At that time defendant resided in Paterson, New Jersey. In January of 1956 he moved to this county and has resided here continuously ever since. In attempted compliance with section 52 of the Vehicle and Traffic Law a copy of the summons was served upon the Secretary of State on April 3,1958. While the papers before the court contain conflicting statements as to the precise date-when a copy of the summons and complaint was sent to defendant by registered mail, the only independent evidence of that fact is an envelope, addressed to the defendant at his New Jersey address, which has checked upon it the following reason for being returned to the writer: “ Moved, Left no address ”. That *183 envelope is postmarked August 5,1959. The court determines, therefore, that it was upon that date that a copy of the summons and complaint was mailed to defendant.
A motion by plaintiff for leave to file an affidavit of compliance and a copy of the summons and complaint nunc pro tunc was granted by this court on July 30, 1959, and plaintiff was permitted to do so within 10 days from the date of that order.
The first question to be decided is whether valid service could be made upon defendant pursuant to section 52 of the Vehicle and Traffic Law, notwithstanding his having become a resident of this State after the accident in question but prior to the attempted service of process upon him. At the time of the accident defendant was a nonresident. Such being the case, the operation by him of a vehicle in this State was “ deemed equivalent to an appointment by such nonresident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be involved while using or operating such vehicle in this state ” (Vehicle and Traffic Law, § 52, subd. 1). That appointment of the Secretary of State was irrevocable. (Maguire v. Yellow Taxicab Corp., 253 App. Div. 249, 253, affd. 278 N. Y. 576.) It follows, therefore, that defendant’s residence at the time of the accident and not at the time of the attempted service of process upon him is the controlling consideration as to whether such service could be made under section 52 of the Vehicle and Traffic Law.
The question remaining is whether the procedure provided by section 52 was followed in this case. Subdivision 2 of that section provides, in pertinent part, as follows: “A summons in an action described in this section may issue in any court in the state having jurisdiction of the subject matter and be served as hereinafter provided. Service of such summons shall be made by mailing a copy thereof to the secretary of state at his office in the city of Albany, or by personally delivering a copy thereof to one of his regularly established offices, with a fee of two dollars, and such service shall be sufficient service upon such nonresident provided that notice of such service and a copy of the summons and complaint are forthwith sent by or on behalf of the plaintiff to the defendant by registered mail with return receipt requested. The plaintiff shall file with the clerk of the court in which the action is pending, or with the judge or justice of such court in case there be no clerk, an affidavit of compliance herewith, a copy of the summons and complaint, and either a *184 return receipt purporting to be signed by the defendant or a person qualified to receive his registered mail, in accordance with the rules and customs of the post-office department; or, if acceptance was refused by the defendant or his agent, the original envelope bearing a notation by the postal authorities that receipt was refused, and an affidavit by or on behalf of the plaintiff that notice of such mailing and refusal was forthwith sent to the defendant by ordinary mail.” In this case there is neither (1) a return receipt purporting to be signed by anyone, nor (2) a refusal by the defendant or his agent to accept said mail with accompanying notation of that fact by the postal authorities on the original envelope and an affidavit that notice of such mailing and refusal was forthwith sent to the defendant by ordinary mail. The notation on the envelope was that defendant had “ Moved, Left no address”. In addition it appears that while a copy of the summons was served upon the Secretary of State on April 3, 1958, a copy of the summons and complaint was not mailed to defendant until August 5, 1959. That did not satisfy the statutory requirement of mailing 1 ‘ forthwith ’ ’.
The strict construction required of and given to section 52 of the Vehicle and Traffic Law may be illustrated by the case of Dwyer v. Shalek (232 App. Div. 780), decided in February, 1931. The memorandum opinion of the Appellate Division of this Department reads as follows: ‘ ‘ Orders reversed upon the law and the facts, without costs, and motion granted, without costs. Service upon the defendant was not in conformity with the provisions of section 52 of the Vehicle and Traffic Law, which provides that notice of service upon the Secretary of State and a copy of the summons therewith be sent by registered mail by plaintiff to the defendant, and that the defendant’s return receipt, the plaintiff’s affidavit of compliance and a copy of the summons and complaint be filed with the clerk of the court, since no such receipt was signed by the defendant and, therefore, not returned. (Hess v. Pawloski, 274 U. S. 352.) The papers were refused by the defendant.” The void in section 52 as it then read was filled by chapter 240 of the Laws of 1939, effective September 1,1939. It may be that another void exists requiring legislative action.
The argument is made that this result makes it possible for a nonresident defendant to thwart service by registered mail under section 52 of the Vehicle and Traffic Law by simply moving and leaving no forwarding address. This is so. However, the defendant in Dwyer v. Shalek (supra) also thwarted service under section 52 by refusing to accept the papers mailed to him. *185 The basis for that decision was that the requirements of section 52 had not been met. The same conclusion seems inescapable here.
In view of the foregoing, the motion is granted.
Submit order.