Bernard S. Meyer, J.
Motion for summary judgment granted and complaint dismissed. Defendant has pleaded the Statute of Limitations and it is not denied that the accident occurred on March 24, 1954, at which time defendants resided in Manhasset, that they departed for Belgium on June 25, 1956 and remained there until August 31, 1957, meanwhile, however, retaining domicile in Manhasset, and that service of summons was made personally on November 13,1957. Plaintiff attempted personal service on February 5, 1957 and was then told by the person to whom the male defendant had leased his home during his absence, that defendants were in Europe and would not return until September, 1957.
Section 19 of the Civil Practice Act tolls the Statute of Limitations when a defendant is absent from the State for four months or more. The section does not apply however: ‘ ‘ While a designation or appointment, voluntary or involuntary, made in pursuance of law, of a resident or nonresident person, corporation, or private or public officer on whom a summons may be served within the state for another resident or nonresident person or corporation with the same legal force and validity as if served personally on such person or corporation within the state, remains in force.” Defendants contend that the statute was not tolled because (1) substituted service under sections 230 and 231 of the Civil Practice Act was available and (2) under section 52-a of the Vehicle and Traffic Law there was an involuntary designation. The first contention may be dismissed as not within the language of the statutory exception. (See 1943 Report of N. Y. Law Rev. Comm., p. 176, N. Y. Legis. Doc., 1943, No. 65 [F], p. 50.) The second contention must, however, be sustained. The involuntary designation under sections 52 or 52-a of the Vehicle and Traffic Law is, since the passage of chapter 263 of the Laws of 1943 sufficient. (Guastella v. Reichenback, 208 Misc. 887; Maryland Cas. Co. v. Draney, 2 Misc 2d 637; Fuller v. Stuart, 3 Misc 2d 456; Harvey v. Fussell, 13 Misc 2d 602, affd. without opinion 7 A D 2d 742.) However, plaintiff, relying on Harvey v. Fussell (supra) claims that there was no involuntary designation since he had no address for defendant in Europe and, therefore, could not make registered mail service. In the first place, Harvey v. Fussell was a case in which a registered *889 mail copy had been mailed and returned marked ‘ ‘ moved, left no address.” This being a situation not provided for in section 52 of the Vehicle and Traffic Law, it was held that there was no sufficient designation and that the statute was tolled. Here, however, no attempt was made to use the processes of the Vehicle and Traffic Law. In the second place, plaintiff assumes that section 52-a requires that the summons and complaint be forwarded to the defendant at an out-of-State address. The purpose of the registered mail provision is to give notice reasonably calculated to reach the defendant. The statute does not specify the address to which mail must be sent. All that is constitutionally required is “ that within the limits of practicability notice must be such as is reasonably calculated to reach interestód parties.” (Mullane v. Central Hanover Trust Co., 339 U. S. 306, 318; Wuchter v. Pizzutti, 276 U. S. 13.) Since, as the court may judicially notice, postal regulations provide for forwarding of both ordinary and registered mail, mailing the summons and complaint to defendants’ Manhasset address would be a means ‘ ‘ such as one desirous of actually informing the absentee might reasonably adopt,” (Mullane v. Central Hanover Trust Co., supra, p. 315), and would, therefore, be sufficient to comply with statutory and constitutional requirements. The statute raises a presumption from the return receipt “ that the summons mailed was received by the defendant or a person qualified to receive his registered mail ” and a presumption from a notation of refusal “ that the refusal was by the defendant or his agent.” (Vehicle and Traffic Law, § 52.) Unless and until the summons and complaint are returned undelivered because of the lack of a forwarding address, therefore, a defendant is amenable to process. For these reasons, it must be held in the instant case that the Statute of Limitations was not tolled.
Short-form order signed.