Anthony M. Livoti, J.
In this action tried before the court without a jury, plaintiff seeks to recover on a foreign judgment *835 entered against the defendant herein on or ahont July 17, 1950, in the Supreme Court, County of Hampden, Commonwealth of Massachusetts.
The plaintiff was injured due to the negligent operation of an automobile owned and operated by the defendant, on October 22,1948, in Massachusetts. At that time, defendant had recently been discharged from the armed services and was returning to his residence at 22 Atlanta Avenue, Massapequa, County of Nassau, New York.
Pursuant to sections 3A, 3B, 3C and 3D of chapter 90 of the General Laws of Massachusetts, plaintiff herein caused the Sheriff of Hampden County to serve a summons on the Registrar of Motor Vehicles of Massachusetts and thereby a notice of such service and a copy of the process was sent to the defendant by registered mail directed to his New York residence at 22 Atlanta Avenue, Massapequa. The return receipt, signed by the defendant, indicated that the notice and process were received on September 19, 1949. The affidavit of compliance was filed with that court by plaintiff on October 3, 1949. Defendant having failed to appear, plaintiff filed a motion for an assessment of damages on May 10,1950, and at the same time filed an affidavit stating that the defendant was not then in the armed services.
On July 17, 1950, the jury returned a verdict in the amount of $20,966, and a judgment for that amount was entered against the defendant.
The action at bar was commenced by service of summons and complaint on October 1, 1955. In his answer, defendant pleads that the Massachusetts court had no jurisdiction and that the Statute of Limitations had run in this action.
The court feels defendant’s claim that the Statute of Limitations had run in this action is untenable. It is quite clear that, the summons and complaint having been served on October 1, 1955, while the action did not accrue until July 17,1950, the date final judgment was rendered, this action is not barred by the Statute of Limitations in that it was commenced within six years after judgment was entered.
It would now appear that defendant’s case rests on the sole contention that plaintiff has failed to prove compliance with the Massachusetts statutes providing for the type of service effected in that action.
Defendant contends that the “ affidavit of service fails to allege service in compliance with the statute.” Under this type of statute, service, as such, actually occurs when the Registrar of Motor Vehicles is served with the process. The subsequent mailing of notice to the nonresident defendant is merely a notice *836 requirement. Plaintiff’s Exhibit 3 (e) is the affidavit of service by the Deputy Sheriff of Hampden County stating that he served the process with $2 fee on the Registrar. Plaintiff’s Exhibit 3 (d) is the affidavit of compliance made by plaintiff’s Massachusetts attorney stating, inter alia, that he “ caused the defendant, Hans J. Frilund, to be served by a deputy sheriff of Hampden County, in accordance with General Laws (Ter. Ed.) Chapter 90, Sections 3-A, B, C and D, as shown more clearly in the sheriff’s return and that further, in accordance with the provisions of said Chapter 90, Section 3-C, [he] caused notice of such service and a copy of the process to be sent forthwith by Registered Mail to defendant, Hans J. Frilund. ’ ’
The affidavit of service by the Deputy Sheriff complies with the statute. The affidavit of compliance clearly alleges that copies of the process and notice of service in accordance with section 3C of chapter 90 were sent by registered mail to defendant. The Massachusetts statute requires nothing more, and even if it did require that the affidavit of compliance state the particulars of how the statute was complied with, plaintiff’s Exhibit 3 (b), a registered letter directed to Frilund with a return receipt signed by Frilund, was attached as part of this affidavit and indicates compliance in every respect.
Defendant has made much of the fact that the notice was not directed to Frilund at his address of record in the office from which his license issued. The testimony of defendant at the trial and the defendant’s accident report both show clearly that defendant did not have a license at the time of the accident. A careful reading of the .statute indicates that where defendant is not operating the car with a license, known to plaintiff, the notice should be sent to the last address of the defendant known to plaintiff.
The only address of defendant known to plaintiff was that received by him from the accident report filed by defendant which states that defendant resides at Atlanta Avenue, Massapequa, New York. Defendant listed no house number but the testimony .showed that there were only eight houses on Atlanta Avenue at that time and only one Hans J. Frilund resided there. Although designating the wrong house number, plaintiff directed the notice to the correct person, street, town and State. The effectiveness of this direction can be seen from the fact that defendant actually received the notice.
Defendant also contends that it must be proved that he received the notice. There is, of course, more than ample evidence in the record to support that conclusion. But even if there were not, neither the Massachusetts law nor the dictates *837 of the Constitution (New York and United States) Due Process clause require that defendant must actually have received the notice. The only requirement is that the notice he reasonably calculated to reach defendant. (Hess v. Pawloski, 274 U. S. 352, affg. 250 Mass. 22; Caruso v. Bard, 20 Misc 2d 887.)
Defendant’s final contention is that plaintiff failed to show that the affidavit of compliance was filed “ on or before the return day of process or within such further time as the Court may allow.” Plaintiff’s affidavit of compliance is dated October 3,1949, the very day the action was commenced in Massachusetts. The best evidence that it was filed within “ such further time as the Court may allow ’ ’ is the fact that the court actually accepted the affidavit and took jurisdiction — a fact clearly shown by the exemplified copy of the proceedings.
As pointed out above, the statute does not require that the notice be mailed to defendant’s actual address, but only to the last address of defendant known to plaintiff.
Defendant during this trial has failed to show that any essential step was omitted by plaintiff which would indicate improper service and lack of jurisdiction of the Supreme Court, County of Hampden, State of Massachusetts.
This court concludes that the plaintiff had complied with the Massachusetts statutes providing for the type of service effected in the action in that State on which a verdict was rendered on July 17, 1950 against the defendant. Accordingly, judgment is granted plaintiff in the sum of $21,068.23.