Johst H. Fareham, J.
These two actions are in tort and arise out of an automobile accident which occurred on December 8, 1953. The defendant has moved under rule 107 of the Rules of Civil Practice for judgment dismissing the complaints on the ground that the three-year Statute of Limitations had expired prior to the commencement of the plaintiffs’ actions.
It is claimed by the defendant that the actions were commenced after the defendant had resided physically more than three years within the State of New York, and apparently in an open and unconcealed manner. The minutes of the examination of the defendant, ordered by this court during the pendency of the subject motion, reveal that the defendant testified that following his discharge from the Army he returned to the State of New York either on the 29th or the 30th day of March, 1957. He was inducted into the armed forces on March 25, 1954. The three-year Statute of Limitations then would expire on the 28th or 29th day of March, 1960. This determination is made, however, without considering the period of time from December 8, 1953, the date of the accident out of which the causes arose, to March 25,1954, the date on which the defendant was inducted into the armed services, which period of time for the reasons hereinafter set forth comprises a part of the over-all three-year statute running period involved on this motion.
The defendant was served with the pleadings in the plaintiffs ’ actions on April 5, 1960, some six years and four months after the date of the accident.
The plaintiffs now ask that a jury trial be had for the sole purpose of determining whether the Statute of Limitations had run when the defendant was served personally with the sum- *949 mouses and complaints. They seek this trial on the ground that the defendant’s testimony as to when he returned to New York is unsupported and there is an indication in one of the affidavits submitted on this motion that the plaintiffs may desire to offer proof to contradict defendant’s statement as to the date ho returned to this State.
Heretofore, as stated, this court on plaintiffs’ application made an order directing that the testimony of the defendant be taken upon oral examination in the manner and to the extent prescribed therein. This order was made during the pendency of defendant’s motion to dismiss the action on the ground that the Statute of Limitations had run and expired prior to the date of service of summonses and complaints. The examination was held with appearances as above.
The defendant was sworn before Enoch A. Sawyer, the notary public designated in said order, and was examined by the plaintiffs’ counsel at Eome, New York, on May 24,1961, relative to the matters designated in said order.
The matter covered by the examination consisted chiefly of inquiry into the whereabouts and activities of the defendant from the date of the accident which occurred on December 8, 1953, and continuing throughout the period of his military service and up to the time when he returned to the State of New York thereafter, and in fact up to the date of the examination. The defendant was examined at some length at this hearing and for the reasons hereafter stated, it is obvious to the court that the matters pertaining to the defendant’s residence in New York State when he was not a member of the armed services and prior to his induction have not been considered as a part of the statutory period.
In the opinion of the court the defendant resided within the State of New York for some three months or more after the date of the accident before entering military service. He was available for personal service of process during this three-month period within the State of New York, if during this period he was in New York State as he testified. If, however, he was a resident in the State of New Jersey and if they elected to treat him as such during this period, plaintiffs had at their disposal the means of service of process as provided in section 52-a of the Vehicle and Traffic Law. Apparently, they did not resort to such procedural device. (See Caruso v. Bard, 20 Misc 2d 887.) There is no question but that the statute was tolled while defendant was in military service. Following his return to the State of New York, after his tour of military duty, how *950 ever, the plaintiffs had two years and nine months in which to serve the defendant with process and obviously they did not do so within that period.
Plaintiffs argue that the New Jersey address of the defendant misled the plaintiffs but the court cannot agree that this position can be supported. It is apparent that plaintiffs, armed with the defendant’s New Jersey address, did not attempt the procedure afforded them by section 52-a, which under the circumstances set forth by plaintiffs themselves then was available to them.
Under these circumstances, while it is true that the defendant’s testimony concerning his whereabouts is unsupported, for the reasons stated herein the court nevertheless must deny the plaintiffs’ motion for further proof by jury trial or by court trial to determine the question of defendant’s residence. In the court’s opinion, the defendant’s failure to give plaintiffs his first name is immaterial. He certainly did not employ a false or fraudulent name within the meaning and intent of section 19 of the Civil Practice Act, and, therefore, the court determines that defendant’s motion to dismiss must be granted and accordingly it follows that it also denies to plaintiffs the right to explore further by jury trial the issue of defendant’s whereabouts from December 8, 1953, to April 5, 1960. The court determines under the circumstances that such procedure is entirely unnecessary.
In arriving at its decision on this motion, the court believes comment should be made concerning some of the statements set forth in the affidavit of Bichard J. Dorsey, one of the plaintiffs’ attorneys, sworn to on September 11, 1961.
With reference to the alleged false name claim, plaintiffs’ counsel relies on section 19 of the Civil Practice Act, which provides that “ if without the knowledge of the persons entitled to maintain the action, he resides within the state under a false name, the time of * * * such residence within the state
under such false name is not a part of the time limited for the commencement of the action ”.
The court believes that to agree that the defendant who gave his name as Stewart Jones while possessing the full name of Arthur Stewart Jones was a nonresident within the State of New York under a false name as contemplated under said statute would go far beyond the legislative intent thereof, nor can it agree that the defendant practiced any fraudulent concealment with reference to whether his true name was Stewart Jones or Arthur Stewart Jones. It is quite usual that a given first name is dropped and not for purposes of concealment or fraud.
*951 The questions proposed by counsel on the examination had before Enoch A. Sawyer, notary public, pursuant to the order of this court rather belie the contentions of plaintiffs’ counsel with reference to the alleged false name or claimed fraudulent concealment. On page 2 of the examination, the defendant was shown a copy of a letter addressed to him, dated December 9, 1953, the very day after the accident. Presumably, although not entirely certain, this letter was sent to the New Jersey address, c/o Forrest Gate Farms at Janesburg, New Jersey, where the defendant had been working. Again relying on defendant’s statement that he was a New Jersey resident, plaintiffs had the benefit of the provisions of section 52-a of the Vehicle and Traffic Law at their disposal, to which apparently they did not resort.
Under these circumstances, the court is of the opinion that the Statute of Limitations was not tolled from December 8,1953, to March 25,1954, and that, therefore, this period of time became a part of the over-all three-year Statute of Limitations period within which the plaintiffs might have instituted their actions. Therefore, the court cannot agree that the defendant had issued a misleading ¡statement or name to the plaintiffs at the time of the accident. To what great efforts, as stated by Mr. Dorsey, plaintiffs’ attorneys went to commence the action under section 52 of the Vehicle and Traffic Law is not entirely clear, in fact he gives no detail in this regard at all.
Again in the questioning at the hearing on May 24, 1961, and to the court this is of considerable significance, at page 21, this question was asked of the defendant, ‘ ‘ Did your father ever tell you that he had received a letter dated May 25, 1954, with reference to an inquiry about your whereabouts ’ ’ ? The answer was, “No, sir ”. However, it is very obvious that on May 24, 1954, plaintiffs’ counsel had full knowledge of the residence of defendant’s father, and it would appear to the court that it would have been a very simple matter for the plaintiffs thereafter again to make contact with the defendant’s father, Owen W. Jones, to ascertain the whereabouts of his son, the defendant herein, whose address apparently they knew as early as May of 1954, and this they failed to do.
In the situation at hand, the court holds that defendant’s failure to give plaintiffs his first name is immaterial. Certainly the names Stewart Jones and Arthur Stewart Jones are sufficiently close and not such as to constitute a false name within the meaning of section 19 of the Civil Practice Act. In fact the names are practically similar. No doubt the defendant as frequently happens, omitted the name Arthur inasmuch as the *952 court surmises that he has been known simply as Stewart Jones. Furthermore, under this section a period of at least four months’ absence from the State is required to toll the statute and the period from December 8, 1953, to March 25, 1954, falls short of that requirement.
Prior to enlistment, therefore, this court holds that defendant after the date of the accident neither absented himself from New York State for a period of four months nor did he reside within the State of New York under a false name. For the reasons herein set forth, the court determines that defendant’s motion to dismiss the complaints must be granted, and it follows that plaintiffs’ motion for further jury trial is denied.