Sidney Gold, J.
Defendant Fox moves to dismiss the complaint pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice.
The cause of action for negligence arose in January, 1959. The Secretary of State was served in October, 1962 pursuant to section 253 of the Vehicle and Traffic Law.
The only issue is whether section 19 of the Civil Practice Act tolled the Statute of Limitations.
Section 19 of the Civil Practice Act reads in part as follows:
“But this section does not apply in either of the following cases:
‘ ‘ 1. While a designation or appointment, voluntary or involuntary, made in pursuance of law, of a resident or nonresident person * * * on whom a summons may be served within the state for another resident or non-resident person * * * with the same legal force and validity as if served personally on such person * * * within the state, remains in force ” (emphasis supplied).
*49 In Maguire v. Yellow Taxi Corp. (253 App. Div. 249, affd. without opinion 278 N. Y. 576 [1938]) and cited by plaintiffs, the court specifically stated the following at page 252: ‘ ‘ The involuntary appointment by a non-resident of the Secretary of State as a person upon whom the summons may be served, thus provided by our statute, is not, in our opinion a designation made in pursuance of law of a resident of the State, for the designation referred to in section 19 of the Civil Practice Act is a voluntary one and does not include the involuntary appointment which the Vehicle and Traffic Law provides ” (emphasis supplied).
The present section 19 of the Civil Practice Act quoted heretofore, does include involuntary appointment. Therefore, the Maguire case (supra) does not apply (see Fuller v. Stuart, 3 Misc 2d 456; Caruso v. Bard, 20 Misc 2d 887; Guastella v. Reichenback, 208 Misc. 887; Maryland Cas. Co. v. Draney, 2 Misc 2d 637).
In the Law Revision Commission Report of 1943 referring to the present section 19 of the Civil Practice Act which was passed in 1943, the commission stated the following at page 132: “ (c) The third sentence, stating situations where the tolling provisions of the section do not apply, is amended to include cases where the defendant, non-resident or otherwise, absent from the state, is deemed by law to have appointed an officer of the state or some other person as agent to receive service of process upon him equivalent to personal service. The present section is stated expressly to be inapplicable while a designation made in pursuance of law of a resident of the state on whom summons may be served, remains in force. This provision has been held not to include an ‘ involuntary ’ appointment such as that arising by operation of law under section 52 of the Vehicle and Traffic Law. Maguire v. Yellow Taxi Corporation, 253 App. Div. 249 (1939), aff’d, 278 N. Y. 576 (1938). The amendment thus changes this rule.”
Since section 19 of the Civil Practice Act does not apply herein, it is obvious that the Statute of Limitations is a bar to this action.
Accordingly, the motion to dismiss the complaint is granted, the complaint is dismissed as to the movant, and judgment shall be entered accordingly. The action is deemed severed as to the remaining defendant.