Anthony M. Livoti, J.
Defendant Carieri moves for an order dismissing plaintiffs ’ complaint on the ground that the Statute of Limitations has expired.
On August 26, 1959, plaintiffs and defendants were involved in an automobile accident in the County of Queens, City and State of New York. It appears that shortly thereafter defend *588 ant Carieri, a resident of White Plains, New York, at the time of the accident, moved to California. Upon learning this, plaintiffs attempted to ascertain his new address. Their efforts included several investigations, consisting of communicating with said defendant’s sister in New York City, investigating the telephone directories, Motor Vehicle Bureau and other records of Los Angeles, Compton and San Francisco, California, without success. Mail addressed to the defendant at his residence in White Plains had been returned undelivered with the notation “Moved, Left No Address.” In March, 1963 plaintiffs ascertained said defendant’s address in Los Angeles, California, and completed service upon him under the provisions of section 254 of the Vehicle and Traffic Law in April, 1963.
Plaintiffs contend that their unsuccessful efforts to ascertain defendant Carieri’s new address demonstrated that it was not possible to serve him pursuant to section 254 of the Vehicle and Traffic Law. Accordingly, the applicable three-year Statute of Limitations (Civ. Prac. Act, § 49, subd. 6) was tolled by said defendant’s absence from the State. (Civ. Prac. Act, § 19.)
Defendant contends that inasmuch as plaintiffs did not attempt to serve him pursuant to section 254 of the Vehicle and Traffic Law, defendant was amenable to process within the meaning of the language of the statutory exception (Civ. Prac. Act, § 19, subd. 1), which renders the suspensory provisions of section 19 of the Civil Practice Act inapplicable.
The defendant does not dispute or contradict plaintiffs’ unsuccessful efforts and in fact concedes that had they attempted to serve him pursuant to section 254 of the Vehicle and Traffic Law and received an undelivered letter with the notation thereon “ Moved, Left No Address ”, the statute would have been tolled. However, defendant does not present any facts to show that had they done so, the mail would have been forwarded to him, any more than the undelivered mail previously sent by plaintiffs. Plaintiffs were not required thereafter to attempt an unsuccessful service under section 254 of the Vehicle and Traffic Law which would fail for the lack of a forwarding address, since no jurisdiction would have been acquired over defendant (Harvey v. Fussell, 13 Misc 2d 602, affd. 7 A D 2d 742) and it would have been a useless act under the circumstances.
In the case of Caruso v. Bard (20 Misc 2d 887) cited by defendant, there was no evidence that an attempted service under section 254 of the Vehicle and Traffic Law would have been useless because of the lack of a forwarding address and the court assumed that the defendant therein was still amenable to process under that section.
*589 Although strict compliance with sections 253 and 254 of the Vehicle and Traffic Law is required in order that jurisdiction be acquired over a defendant (see Weitzman v. Pottak, 31 Misc 2d 52; Bernardt v. Scianimanico, 21 Misc 2d 182), there is no such requirement with respect to the exceptions stated in section 19 of the Civil Practice Act. The applicable test thereunder with respect to the instant case is whether the defendant is amenable to process under section 254 of the Vehicle and Traffic Law. (See Harvey v. Fussell, supra.)
Plaintiffs have clearly demonstrated that any attempt to serve defendant under section 254 of the Vehicle and Traffic Law would have been fruitless and ineffective. While the defendant thwarted service upon him by registered mail under said section by simply moving and leaving no forwarding address (see Bernardt v. Scianimanico, supra), the court will not allow the same conduct to form the basis upon which plaintiffs will be deprived of the benefits of the suspensory provisions of section 19 of the Civil Practice Act. The motion is accordingly denied.