LEON C. NELSON, Respondent, v. GALE C. FRABONI, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered June 17, 1971 in Chemung County, which denied a motion by defendant for summary judgment dismissing the complaint on the ground that the cause of action is barred by the Statute of Limitations. In this negligence action defendant, a resident of Watkins Glen, New York, was operating a motor vehicle which was in collision with another motor vehicle owned and operated by plaintiff in Elmira, New York on December 22, 1965. Plaintiff sues for personal injuries sustained in this accident. Defendant was an infant at the time of the accident and until June 13, 1970 when she became 21. According to the affidavits submitted, it appears that on July 4, 1966 defendant visited relatives in Chicago until August 30, 1966 on which date she took a train to Elmira and met her mother who drove her directly to Athens, Pennsylvania where she temporarily resided with her grandmother until the end of May, 1967. On September 9, 1967 defendant married, and her husband went into military service on September 12, 1967, returning on June 26, 1969. From the first week of June, 1967 until personal service on defendant of the summons and complaint on October 23, 1969 she resided at various addresses in Watkins Glen. Defendant's mother resided in Watkins Glen at the time of the accident and until on or about July 1, 1969. Service on defendant was completed by service on her husband on November 18, 1969. Plaintiff contends that the three-year Statute of Limitations was tolled while defendant was absent from the State for a period of 11 months and there is a question of fact as to whether her whereabouts at such time were open and notorious. Defendant claims that the Statute was not tolled while defendant was absent from the State because such tolling is excepted under CPLR 207 where jurisdiction over defendant can be obtained without personal service on him within the State, as in the case of sections 253 and 254 of the Vehicle and Traffic Law, CPLR 308 and CPLR 313. Special Term found questions of fact to be determined before a determination could be reached as to whether the Statute had run. We hold that even if those issues were resolved in favor of the plaintiff, the action is barred as a matter of law by the Statute of Limitations. There was no attempt made by plaintiff to use any of the available means to effect service on defendant in the

instant case. CPLR 207 provides that "If, after a cause of action has accrued against a person, he departs from the state and remains continuously absent therefrom for four months or more * * * the time of his absence * * * is not a part of the time within which the action must be commenced." The section does not apply, however, "1. while there is in force a designation, voluntary or involuntary, made pursuant to law, of a person to whom a summons may be delivered within the state with the same effect as if served personally within the state; or * * * 3. while jurisdiction over the person of the defendant can be obtained without personal delivery of the summons to him within the state." In *Chapin* v. *Posner* (299 N. Y. 31), the Court of Appeals dealt with section 19 of the Civil Practice Act, the forerunner of CPLR 207. The court stated: "These exceptions seem to be predicated upon the theory that where the plaintiff is at all times able to commence his action by service *within the State* against an absent defendant for the full relief sought within the regular time limited therefor, the reason for the tolling provision disappears and plaintiff cannot claim its protection." (*Chapin* v. *Posner*, *supra*, p. 41.) Without a showing by plaintiff of at least an attempt to obtain service on defendant in the present case by use of the pertinent Vehicle and Traffic Law sections, or pursuant to CPLR 308 or CPLR 313, any one of which methods under the circumstances here would have been practicable, with the probability of actual notice reaching defendant, we conclude that defendant was at all times amenable to process. The Statute of Limitations, therefore, was not tolled while defendant was absent from the State. (*Fuller* v. *Stuart*, 3 Misc 2d 456; *Caruso* v. *Bard*, 20 Misc 2d 887; *King* v. *Killum*, 39 Misc 2d 48.) It is further urged by plaintiff that the only manner in which this infant defendant could have been served was that provided by CPLR 309. We cannot agree with this contention. In *Gesell v. Wells* (134 Misc. 331, mod. 229 App. Div. 11, affd. 254 N. Y. 604), the Court of Appeals answered in the affirmative the certified question, "Has the court jurisdiction of the person of the infant * * * defendant in this action by the attempted service of a summons upon him under section 285-a of the Highway Law, in effect on August 1, 1928? " Service in that case had been obtained on the infant defendant out of the State by compliance with section 285-a of the Highway Law (now covered by sections 253 and 254 of the Vehicle and Traffic Law). If jurisdiction is obtained over an infant defendant through such procedure, then it follows necessarily that the provisions of CPLR 207 excepting the Statute of Limitations from tolling are applicable. Order reversed, on the law and the facts, and complaint dismissed, without costs. Reynolds, J. P., Aulisi, Staley, Jr., Greenblott and Sweeney, JJ., concur.