James H. Boomer, J.
Defendant moves to dismiss the complaint upon the ground that the action is barred by the three-year Statute of Limitations. The cause of action accrued on December 7, 1968 when the defendant, while driving her automobile in the State of New York, injured the plaintiffs. This action was commenced on March 26,1973 by the personal service of a summons on the defendant in New York State.
The plaintiffs rely upon the absence of the defendant from the State of New York to toll the three-year statute. The facts concerning the defendant’s whereabouts from the time of the accident until the time of the commencement of this action are not in dispute and are as follows.
At the time of the accident on December 7, 1968 and until April 4, 1970, when the defendant married, she lived at the home of her parents in Clyde, New York. After her marriage *671 and until November, 1970 she lived with her husband in Newark, New York. Her husband then enlisted in the Air Force and was sent to Texas and she returned to her parents’ home in Clyde, New York, where she remained until February, 1971 when she went to Denver, Colorado to join her husband. She was in Denver until November, 1971, except for two periods of two weeks when ¡she returned home to visit her parents and her husband’s parents. In November, 1971 her husband was transferred to South Carolina and she returned to live at her parents’ home until December 26, 1971 when she joined her husband in South Carolina. Except for visits home on two occasions for periods of 10 days each, she remained in South Carolina until March 13, 1973 when she returned to live at her parents’ home. Defendant’s parents knew where defendant lived at all times.
Plaintiffs’ affidavits in opposition to the motion to dismiss show no attempt to effect service upon the defendant until January 4, 1972 when a Deputy Sheriff went to the home of defendant’s parents and learned that the defendant was in South Carolina. He returned the summons to plaintiffs’ attorney, noting that the defendant had moved to South Carolina. The only other attempt to serve defendant appears in the affidavit of the former secretary of plaintiffs’ former attorney, in which she says that after the summons was returned by the Sheriff she recalls ‘ ‘ typing a letter * * * to an out of state sheriff enclosing a Summons and requesting service upon the defendant herein. Although I do not remember the state the sheriff resided in, I do recall that our office received no response from the sheriff and that to the best of my knowledge the results of this attempt at service was negative.”
CPLR 207 provides for the tolling of the statute during the time the defendant remains outside of the State for a continuous period of four months or more; but this section expressly does not apply: “ 1. while there is in force a designation, voluntary or involuntary, made pursuant to law, of a person to whom a summons may be delivered within the state with the same effect as if served personally within the ¡state ’ ’.
It has been held that the provisions of sections 253 and 254 of the Vehicle and Traffic Law provide for an involuntary designation of a person to whom a summons may be delivered within the State within the meaning of subdivision 1 of CPLR 207 and, therefore, the statute is not tolled by reason of defendant’s absence from the State when ¡she may be served under the Vehicle and Traffic Law sections (Nelson v. Fraboni, 38 A D *672 2d 633; King v. Killum, 39 Misc 2d 48; Caruso v. Bard, 20 Misc 2d 887).
Here, as in the Nelson and King cases {supra), there was no showing of an attempt to effect service under sections 253 and 254 of the Vehicle and Traffic Law. Plaintiffs have not shown any attempts to ascertain the defendant’s mailing addresses in Colorado or in South Carolina, nor .is there any showing that registered mail sent to her at her parents ’ home (her residence at the time of the accident) would not be forwarded to her (see Caruso v. Bard, 20 Misc 2d 887, 889, supra). As stated in Caruso (p. 889), “ Unless and until the summons and complaint are returned undelivered because of lack of a forwarding address, therefore, a defendant is amenable to process.”
Cases such as Molter v. Carieri (39 Misc 2d 587), Ellis v. Riley (53 Misc 2d 615, affd. 29 A D 2d 562), and Harvey v. Fussell (13 Misc 2d 602, affd. 7 A D 2d 742) have no application here; for in Molter plaintiff made extensive unsuccessful efforts to ascertain the defendant’s new address; in Harvey, the defendant moved leaving no forwarding address; and in Ellis, the driver gave the police an incorrect address for the defendant owner.
Even if we assume that defendant could ndt be served under the substituted service provisions of the Vehicle and Traffic Law, the Statute of Limitation's would not be tolled. Subdivision 3 of CPLE 207 precludes tolling by reason of absence from the State ‘ ‘ while jurisdiction over the person of the defendant can be obtained without personal delivery of the summons to him within the state.” Since defendant committed a “ tortious act within the state ” (CPLE 302), personal jurisdiction could be acquired without personal service of the summons upon her within the State. And she could have been served under CPLE 308 even if plaintiffs could not obtain her out-of-State address. Subdivision 5 of CPLE 308 provides that if service is impracticable under the other subdivisions of that section, it may be made “ in such manner as the court, upon motion without notice, directs ’ ’. If the plaintiffs could not locate the defendant, by court order they could have effected service upon her by delivering the summons to one of her parents, or by forwarding the summons by ordinary mail to the address given by her at the time of the accident (Dobkin v. Chapman, 21 N Y 2d 490).
The Nelson case (38 A D 2d 633, supra) indicates that there can be no tolling of the statute even where defendant’s where *673 abouts without the State were not open and notorious, where personal service can be effected under CPLR 308. The court stated (p. 633): “We hold that even if those issues [whether defendant’s whereabouts were open and notorious] were resolved in favor of plaintiff, the action is barred as a matter of law by the Statute of Limitations. There was no attempt made by plaintiff to use any of the available means to effect service on defendant in the instant case! * * # Without a
showing by plaintiff, of at least an attempt to obtain service on defendant in the present case by use of the pertinent Vehicle and Traffic Law sections, or pursuant to GPLB 308 or CPLR 313, any one of which methods under the circumstances here would have been practicable, with the probability of actual notice reaching defendant, we conclude that defendant was at all times amenable to process. The Statute of Limitations, therefore, was not tolled while defendant was absent from the State.” (Emphasis supplied.) There, as here, the defendant, before she left the State had resided with her mother in the State, and her mother continued to reside in the State at the same address during the period of the Statute of Limitations. There, as here, service by delivery to the mother under CPLR 308 was practicable, and the statute was not tolled.
The motion to dismiss is granted.