■ Virginia E. Burwell, Respondent, v Robert Whitmoyer, Appellant, et al., Defendants.—Appeal from an order of the Supreme Court at Special Term, entered August 11, 1976 in St. Lawrence County, which denied defendant Whitmoyer's motion for summary judgment dismissing the complaint as against him. The underlying action is one for medical malpractice. Our concern on this appeal is whether the action against defendant Whitmoyer is barred by the Statute of Limitations. The summons was delivered to the Sheriff of St. Lawrence County on April 6, 1976 pursuant to CPLR 203 and served on defendant on or about May 20, 1976 in the State of Kentucky. The unverified complaint alleges that defendant and others treated plaintiff from September 21, 1972 until April 23, 1973. On his motion for summary judgment pursuant to CPLR 3212 defendant states in his affidavit that a report of an operative procedure performed upon plaintiff on September 22, 1972 lists him as "assistant"; that he rendered no treatment to plaintiff subsequent to her discharge from the hospital on September 29, 1972. Special Term denied the motion and this appeal ensued. In urging affirmance plaintiff maintains that she did not discover the malpractice until April 23, 1973 and since defendant was absent from

the State for at least one year, service was timely as the statute was tolled pursuant to CPLR 207. At the time the alleged medical malpractice occurred CPLR 214 (subd 6) provided that an action for damages be commenced within three years after the cause of action accrued. As a general rule in malpractice actions, the cause of action accrues on the date the alleged malpractice occurs *(Dobbins v Clifford,* 39 AD2d 1). There are two recognized exceptions to this rule. One is the "continuous treatment" exception *(Borgia v City of New York,* 12 NY2d 151) and the other is the "foreign object" exception *(Flanagan v Mount Eden Gen. Hosp.,* 24 NY2d 427). The instant record, however, is devoid of any competent proof that either of these exceptions would apply in the present case. The complaint contains an unverified allegation that the defendant and others treated plaintiff from September 21, 1972 until April 23, 1973. This, in and of itself, is totally insufficient to bring plaintiff within the exceptions (see *Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338). The defendant's affidavit, on the other hand, states that he did not treat plaintiff after September 29, 1972. The instant case is clearly distinguishable from the unique factual circumstances of *Fonda v Paulsen* (46 AD2d 540). On this record, therefore, it is our view that the cause of action against defendant accrued during September, 1972. We now pass to plaintiff's contention that the Statute of Limitations was tolled pursuant to CPLR 207. While that section does provide for the tolling of the statute where a defendant is out of the State for more than four months after the action has accrued, subdivision 3 provides for an exception where the jurisdiction over the person can be obtained without personal delivery of the summons to him within the State. Although defendant absented himself from the State for approximately a year, the Statute of Limitations, in our opinion, was not tolled by CPLR 207 *(Goodemote v McClain,* 40 AD2d 22). Plaintiff at all times during the statutory period could have obtained jurisdiction over defendant (CPLR 313, 308, subd 5; 302, subd [a], par 2). Plaintiff had the burden of establishing that some attempt was made to obtain service on defendant pursuant to one of the alternate methods *(Nelson v Fraboni,* 38 AD2d 633). The record contains no evidence that such an attempt was made. The order, therefore, must be reversed and the complaint as against defendant Whitmoyer dismissed. Order reversed, on the law, motion granted and complaint dismissed as against defendant Whitmoyer, without costs. Sweeney, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.