Sydney F. Foster, J.
Motion by the defendant Price for an order dismissing a complaint in a negligence action on the ground that plaintiff’s alleged cause of action is barred by the three-year Statute of Limitations.
Service upon defendant was made, or attempted to be made, on the Secretary of State in compliance with sections 253 and 254 of the Vehicle and Traffic Law. 'Section 253 provides in substance that the operation of a motor vehicle in this State by a nonresident shall be deemed equivalent to an appointment by such nonresident of the Secretary of State to be his true and lawful attorney upon whom may be served a summons in a negligence action. Section 254 makes the provisions of section 253 applicable to a resident who departs from the State subsequent to an accident and remains absent therefrom for 30 days continuously, whether such absence is intended to be temporary or permanent.
There appears to be no dispute as to the facts. The accident happened on August 1, 1961 and the three-year Statute of Limitations expired on August 1, 1964. Defendant, a truck driver, resided in Saratoga County, N. Y., from the date of the accident to April 25, 1964 except for a number of absences of less than a week. On the last-mentioned date he left the State of Hew York and did not return to the place of his residence *389 until July 20, 1964, an absence of approximately 3 months. It may be noted that his return was only 11 days prior to the expiration date of the Statute of Limitations. On October 7, 1964 defendant again left the State of New York and went to McCarther, Ohio, where he now resides.
Plaintiff, so far as I can discover from the papers submitted, complied with all the technical requirements for service on the defendant via the Secretary of State but the defendant argues that, since he was physically present in the State of New York on August 1, 1964, and for some 10 days prior thereto, the statutes relative to service through the Secretary of State do not apply. Such statutes should be construed with some liberality in my opinion; otherwise it would be incumbent upon a plaintiff to have a process server continually on the watch at a proposed defendant’s former home to see whether or not he had returned. I am constrained to hold that the designation of the Secretary of State, as required by the Vehicle and Traffic Law, extends at least to a reasonable time after the return of one who has absented himself from the State for more than 30 days.
In view of the foregoing the motion to dismiss is denied, with $10 costs.