ROYAL C. GOODEMOTE, Respondent, *v.* BARBARA A. MCCLAIN, Appellant, et al., Defendant.

Fourth Department, November 2, 1972.

*Smith, Murphy & Schoepperle* (*Frank Godson* of counsel), for appellant.

*Jack O. Gaylord* for respondent.

WITMER, J. This appeal presents the question whether the Statute of Limitations was tolled with respect to plaintiff-respondent's negligence action against defendant-appellant.

On June 10, 1967 plaintiff suffered personal injury in an automobile accident when the vehicle he was operating in the Village of Gowanda, New York, was struck in the rear by a vehicle operated by the defendant. Defendant gave her address as R. D. No. 3, Forestville, New York, where she was then residing and where she continued to reside until December 16, 1968. On the latter date she left the State to join her husband in South Carolina where he was stationed at a United States Naval base. She remained there for nearly 14 months, until February 10, 1970, when she returned to this State to live with her parents in a town adjoining Forestville, and in which adjoining town she was residing when personally served with summons and complaint in this action.

Plaintiff retained an attorney on November 15, 1967 to prosecute his claim with regard to this accident. His attorney investigated it and negotiated with defendant's insurance carrier which made a settlement offer on February 6, 1968, but the offer was rejected by plaintiff as inadequate. The attorney avers that for the next 25 months, through March, 1970, he continued unsuccessful negotiations with defendant's insurance carrier, and in April, 1970 he engaged a process server to serve upon defendant the summons and complaint herein dated April

27, 1970 which he prepared. The process server did not find defendant at the address she had given at the time of the accident, nearly three years before, nor did he serve her before the expiration of three years from the date of the accident.

On June 5, 1970 plaintiff caused to be mailed to the Secretary of State a copy of the summons and complaint in this action, pursuant to section 254 of the Vehicle and Traffic Law, which was received and acknowledgd by the Secretary of State on June 8, 1970. Plaintiff also caused a copy of the summons and complaint to be mailed to defendant on June 5, 1970 at her last-known address at Forestville, but on June 8, 1970 the envelope containing the summons and complaint was returned unopened with a notation thereon by the postmaster that the forwarding address had expired. Thereafter, plaintiff's attorney learned of defendant's new address and had her served personally there on June 20, 1970.

Defendant did not answer the complaint, but instead, on September 8, 1971 moved under CPLR 3211 for an order dismissing the complaint on the ground that the cause of action was barred by the Statute of Limitations; and she appeals from the order denying that motion.

CPLR 207 provides in part:

"If, after a cause of action has accrued against a person, he departs from the state and remains continuously absent therefrom for four months or more. or he resides within the state under a false name which is unknown to the person entitled to commence the action, the time of his absence or residence within the state under such a false name is not a part of the time within which the action must be commenced. This section does not apply:

"1. while there is in force a designation, voluntary or involuntary, made pursuant to law, of a person to whom a summons may be delivered within the state with the same effect as if served personally within the state; or * * *

"3. while jurisdiction over the person of the defendant can be obtained without personal delivery of the summons to him within the state."

Although defendant absented herself from the State for nearly 14 months beginning 18 months after the accident, the Statute of Limitations on this negligence action was not tolled by CPLR 207, for plaintiff could have instituted action against her at any time, under subdivision 3 thereof and under CPLR 308 (subd. 5) and CPLR 313 (see *Dobkin* v. *Chapman*, 21 N Y 2d 490; *Fishman* v. *Sanders*, 15 N Y 2d 298; *Massik* v. *Zimmer-*

*man,* 26 A D 2d 901; 2 Carmody-Wait 2d, New York Practice, § 13:227; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 207.03, 308.17, 313.01 and 313.03). Under such circumstances service on the Secretary of State under section 254 of the Vehicle and Traffic Law did not confer jurisdiction over the defendant nor operate to toll the Statute of Limitations. *Glines* v. *Muszynski* (15 A D 2d 435) and *Gallagher* v. *Price* (47 Misc 2d 387), cited by respondent-plaintiff, are inapposite.

Some practice matters require mention. The defense of the Statute of Limitations is an affirmative one which is deemed waived unless raised by responsive pleading or by motion (CPLR 3211, subd. [a], par. 5 and subd. [e]; 2 Carmody-Wait 2d, New York Practice, § 13:287). Since defendant did not interpose an answer to the complaint, she was in default after July 10, 1970. Nevertheless plaintiff took no action pursuant to the default within the year when he could have obtained judgment by default without further notice to defendant (see CPLR 3215, subd. [f]). Thereafter, plaintiff could not have taken judgment without notice to defendant (CPLR 3215, subd. [f]). Still, plaintiff did nothing until defendant moved to dismiss the complaint as barred by the Statute of Limitations. Even then, plaintiff merely opposed the motion on the merits and did not urge that defendant's default precluded her from making the motion. Under these circumstances we find that plaintiff waived defendant's default.

Special Term determined that under subdivision (e) of CPLR 3211 defendant waived the defense of the Statute of Limitations by making a general appearance and moving under paragraph 5 of subdivision (a) of CPLR 3211 without raising objection under paragraph 8 thereof. This was an erroneous interpretation of the motion and of that section. Defendant did not, and had no reason to, contend that the court has no jurisdiction of the person (subd. [a], par. 8), for defendant was personally served in this State. She merely urged that the Statute of Limitations had run on the cause of action, and this contention she had the right to make by motion without reference to paragraph 8.

We conclude, therefore, that the Statute of Limitations had expired on plaintiff's cause of action before defendant was served; and that the order denying defendant's motion should be reversed and the motion granted.

DEL VECCHIO, J. P., MARSH, MOULE and CARDAMONE, JJ., concur.

Order unanimously reversed without costs, motion granted and complaint dismissed.