■ In the Matter of A. L. STAMM & Co., Appellant, v ALBERT WILENSKY, Respondent.—Order and judgment, Supreme Court, New York County, entered November 21, 1974, denying petitioner's application to compel arbitration and granting respondent's cross motion for a permanent stay of arbitration on grounds of the bar of the Statute of Limitations, unanimously affirmed, with $40 costs and disbursements to respondent, solely on the basis that the court did not have jurisdiction over the person of the respondent. Study of the record discloses that no issue is raised with respect to respondent's assertion that the petition and notice of application were served on him by certified mail, return receipt requested, in Florida. This service does not, under the circumstances herein, comport with the manner of service prescribed by New York's long-arm statutes (CPLR 302, 313). With respect to the issue of the Statute of Limitations, it may be argued that the claim asserted by petitioner sounds in quasicontract and is not governed by the shorter period of limitations applicable to conversion (see *Matter of E. F. Hutton & Co.* [First Nat. City Bank], 44 AD2d 652). Similarly, a meritorious argument may be advanced that the circumstances surrounding the prior initiation and discontinuance of a legal action in Federal court in Florida by petitioner warrant concluding that the right to arbitrate has not been waived. However, in view of the lack of in personam jurisdiction, these remaining contentions are not considered other than to note their existence, as aforesaid. Concur—Markewich, J. P., Murphy, Lupiano, Tilzer and Lane, JJ.

■ GEORGE A. ABARCA, Respondent, v CHARGE ACCOUNT CREDIT CORP. et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County, entered on September 20, 1973, denying defendants-appellants' motion to vacate a judgment entered against them following their default in appearing for trial, and order entered on April 3, 1974, denying appellants' motion for leave to reargue and/or renew, as permitted by the earlier order, unanimously affirmed. Respondent shall recover of appellants $40 costs and disbursements of this appeal. Appellants failed to explain away their wilful default or to demonstrate the existence of a meritorious defense. Their reliance on CPLR 321 (subd [c]) is misplaced, as they were represented by other counsel ever since the death of their original attorney in February, 1970. Concur—Stevens, P. J., Markewich, Capozzoli and Lane, JJ.