■ In the Matter of the Arbitration between AMERICAN INSURANCE COMPANY, Respondent, and PHILIP MESSINGER et al., Respondents. AETNA CASUALTY AND SURETY COMPANY, Respondent-Appellant.—Order and judgment (one paper), Supreme Court, New York County, entered on or about September 23, 1975, unanimously affirmed for the reasons stated by Postel, J., at Special Term, without costs and without disbursements (see, also, *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65). Concur—Markewich, J. P., Kupferman, Lupiano, Capozzoli and Lane, JJ.

■ ORLANDO CRIOLLO, SR., as Administrator of the Estate of ORLANDO CRIOLLO, JR., Deceased, Respondent, v ALBERTO J. FURMANSKI, Appellant.—Order, Supreme Court, Bronx County, entered on October 21, 1975, unanimously affirmed for the reasons stated by Dollinger, J., at Special Term. Plaintiff-respondent shall recover of defendant-appellant $40 costs and disbursements of this appeal. Concur—Markewich, J. P., Kupferman, Lupiano, Capozzoli and Lane, JJ.

■ JOHN C. RYDER et al., Appellants, v GRACE C. RAFF et al., as Executors of JOHN H. RYDER, Deceased, et al., Defendants, and AMERICAN SAVINGS AND LOAN ASSOCIATION et al., Respondents.—Order, Supreme Court, Bronx County, entered on April 28, 1975, unanimously affirmed on the opinion of Di Fede, J., at Special Term. Respondents shall recover of appellants $60 costs and disbursements of this appeal. Concur—Markewich, J. P., Kupferman, Lupiano, Capozzoli and Lane, JJ.

■ In the Matter of the General Assignment for the Benefit of Creditors of CARDVILLE CORP., Assignor, to PHILIP H. PUDER, Assignee. CONSTITUTION REALTY CORP., Appellant, v PHILIP H. PUDER, Respondent.—Order, Supreme Court, New York County, entered on July 18, 1975, confirming the report of the Special Referee and directing the turnover of the security deposit less the rent for the first half of the final month of the lease term, unanimously modified, on the law and the facts, to direct said turnover less the rent for the full final month of the lease term, and otherwise affirmed, without costs and without disbursements. The tenant having removed in the middle of the last month of the lease term, and the landlord having entered, in this action wherein an assignee for the benefit of creditors sues for the turnover of the security deposit, the Special Referee determined that the landlord having entered by changing the lock, deprived the tenant of the use of the premises sufficient to terminate the lease. However, paragraph 13 of the lease provides in part that if, during the last month of the term, the tenant shall have substantially removed its property, the landlord may immediately enter without abatement of rent. Accordingly, the landlord is entitled to payment of rent for the full last month of the lease rather than only for half that month. Concur—Kupferman, J. P., Murphy, Lupiano, Silverman and Lane, JJ.

■ FRIGI-GRIFFIN, INC. v HARRY R. LEEDS et al.—Motion, insofar as it seeks leave to appeal to the Court of Appeals, granted, and the following question certified: "Was the order of this Court, which modified the order of the Supreme Court, properly made?" Concur—Murphy, J. P., Birns, Capozzoli, Lane and Nunez, JJ.

■ DOMINIC S. RINALDI v HOLT, RINEHART & WINSTON, INC., et al.—Motion for leave to appeal to the Court of Appeals granted. Concur—Murphy, J. P., Lupiano, Birns, Silverman and Lane, JJ.