■ HELEN IMMEDIATE, as Administratrix of the Estate of LOUIS J. IMMEDIATE, Deceased, Respondent-Appellant, v ST. JOHN'S QUEENS HOSPITAL, Respondent, and JOSEPH S. SPINDLER, Appellant-Respondent.—In a medical malpractice action to recover damages for personal injuries and for wrongful death, (1) defendant Spindler appeals from so much of an order of the Supreme Court, Queens County, dated February 16, 1978, as denied his motion for partial summary judgment and (2) plaintiff cross-appeals from so much of the same order as granted the defendant hospital's motion for partial summary judgment. Order modified, on the law, by deleting from the first decretal paragraph thereof the provision denying the motion for partial summary judgment as to defendant Spindler and substituting therefor a provision granting the said motion as to defendant Spindler, and by adding to the second decretal paragraph thereof, immediately after the words "Hospital", the following: "and defendant Spindler". As so modified, order affirmed, without costs or disbursements. Plaintiff concedes that the action for wrongful death was commenced more than two years after the decedent's death. It is therefore barred by the two-year Statute of Limitations on wrongful death actions (see EPTL 5-4.1). Plaintiff's claim that the statute was tolled pursuant to CPLR 207, because of defendant Spindler's continuous absence from the State, is incorrect. CPLR 207 does not apply where an alternate basis for service of process outside of the State exists *(Yarusso v Arbotowicz,* 41 NY2d 516). Since the wrongful death claim arose out of tortious acts committed within the State, defendant Spindler was at all times subject to long-arm jurisdiction and the tolling provision of CPLR 207 does not apply (see CPLR 302, subd [a], par 2; *Burwell v Whitmoyer,* 56 AD2d 950; *Goodemote v McClain,* 40 AD2d 22). Accordingly, both defendants were entitled to partial summary judgment with respect to the wrongful death claims. Titone, J. P., Shapiro, Cohalan and Margett, JJ., concur.

■ ESTHER LEVY et al., Respondents, v JOSEPH ZAIA et al., Defendants; ANTHONY BOZZA et al., Appellants.—In a medical malpractice action, defendants Anthony Bozza and North Shore Hospital appeal from an order of the Supreme Court, Queens County, dated July 1, 1977, which denied their motion for summary judgment and granted plaintiffs' cross motion for an extension of time to serve a bill of particulars. Order affirmed, without costs or disbursements, upon condition that plaintiffs' counsel personally pay a total of $350 to appellants. The time for plaintiffs' counsel to make the payment is extended until 20 days after service upon them of a copy of the order to be entered hereon, with notice of entry thereof. The factors present herein suggest that Special Term properly exercised its discretion (see *Batista v St. Luke's Hosp.,* 46 AD2d 806). However, the condition imposed is appropriate in view of counsel's default in responding to an order of preclusion. Hopkins, J. P., Martuscello, Latham and Cohalan, JJ., concur.