■ JOHN C. RYDER et al., Respondents, v RUTH A. SHELDON, as Administratrix C. T. A. of the Estate of JOHN H. RYDER, Deceased, Appellant.— Order, Supreme Court, Bronx County, entered August 24, 1977, granting plaintiffs' motion to strike certain affirmative defenses and denying defendant's cross motion for summary judgment, unanimously reversed, on the law, plaintiffs' motion denied except with regard to the seventh affirmative defense (Statute of Limitations), and the defendant's cross motion granted, without costs or disbursements. In 1966, John H. Ryder opened bank accounts in nine different banks. Each account was opened in his own name in trust for his sons, John C. Ryder and Ferdinand C. Ryder, jointly. This created a revocable trust *(Matter of Totten,* 179 NY 112). John H. Ryder surrendered the passbooks to his sons, allegedly making an oral declaration irrevocably transferring the money in the accounts to his sons. In the spring of 1971, John H. Ryder represented to each of the nine banks that he had lost his passbook. After filling out the necessary documents, he converted the trust accounts to individual accounts and subsequently withdrew the funds from the accounts. John H. Ryder died on July 3, 1973. On September 18, 1974, the sons of the decedent brought this action to recover the money deposited in the nine accounts. The named defendants were the estate of John H. Ryder and the nine banks. In January, 1975, six of the banks moved to dismiss the complaint as against them for failure to state a cause of action. Special Term granted the motion on the ground that the bank accounts opened by the decedent were trusts revocable at the will of the decedent. This revocation occurred when the decedent changed the title of the accounts and withdrew the funds. The dismissal of the complaint was affirmed on the opinion of Justice Di Fede at Special Term *(Ryder v Raff,* 54 AD2d 537). Plaintiffs voluntarily discontinued the action against the remaining three banks. Plaintiffs then amended the complaint, alleging that the decedent made a declaration of trust upon delivering the passbooks to them and that the withdrawal of the funds was wrongful. The estate interposed 10 affirmative defenses, alleging that a similar proceeding was then pending in Surrogate's Court (first affirmative defense); that the oral declaration of trust was barred by the Statute of Frauds (second, third, fourth, and fifth affirmative defenses); that the plaintiffs elected to proceed in Surrogate's Court (sixth affirmative defense); that the action is barred by the Statute of

Limitations (seventh affirmative defense); that Justice Di Fede's order was *res judicata* (eighth affirmative defense); that the unconscionable conduct of the sons bars the action (ninth affirmative defense); and that the plaintiffs failed to perform certain conditions precedent to the duty of immediate performance (tenth affirmative defense). Plaintiffs moved to dismiss the affirmative defenses, and the defendant cross-moved for summary judgment. Special Term dismissed the affirmative defenses with leave to replead, and denied defendant's cross motion for summary judgment. We would reverse, reinstate all but the seventh affirmative defense, and grant summary judgment to the estate. The determination of Justice Di Fede regarding the revocation of the trust by the decedent applies equally to the banks and to the estate. In view of the decedent's withdrawing of all the money from the bank accounts, the mere delivery of the passbooks to his sons is insufficient to vitiate the revocable nature of the *"Totten* trust" bank accounts, and the subsequent withdrawal by the decedent operated to revoke any interest which the sons had. Any claim of irrevocable declaration of trust could have and should have been asserted by the sons against the banks. They are now barred, therefore, from raising that claim (cf. *Collins v Bertram Yacht Corp.,* 42 NY2d 1033, 1034). One final note: The affirmative defense of the bar of the Statute of Limitations was properly stricken. The claim against the estate is one for conversion, which action must be brought within three years from the date of conversion (CPLR 214, subd 3). The alleged conversion by withdrawal of the funds took place in May or June, 1971. This action was commenced in September, 1974, more than three years later. However, the additional benefit of the tolling of the Statute of Limitations for a period of 18 months, due to the death of John H. Ryder (CPLR 210, subd [b]), prevents interposition of the bar of the Statute of Limitations in this case. Concur—Kupferman, J. P., Birns, Lane and Silverman, JJ.