Charles A. **MERZ**, Plaintiff,

v.

Rosemary **HEMMERLE**, Defendant and Third-Party Plaintiff,

v.

James F. **COAKLEY**, Third-Party Defendant.

No. 78 C 1101.

United States District Court, E. D. New York.

May 29, 1981.

Tarnow, Landsman & Lipsman, by Herman Tarnow, New York City, for plaintiff.

Hollyer, Jones, Alpi & Sarshik, by Steven Sarshik, New York City, for defendant.

## MEMORANDUM ORDER

NEAHER, District Judge.

This intra-family diversity action was begun in May 1978 to recover for the alleged conversion of funds and property formerly held in a New York bank by plaintiff and his now deceased wife. The acts of conversion complained of occurred in about August 1976. The defendant and third-party plaintiff, who is plaintiff's stepdaughter, has moved to dismiss the action for insufficiency of service of process, Rule 12(b)(5).[1] The evident purpose of defendant's motion is to take advantage of the decision in *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), to end the litigation without a decision on the merits. In *Walker*, the Supreme Court reaffirmed that in diversity cases, the law of

the State where the district court sits governs the tolling of the applicable statute of limitations.[2]

There is no question that the complaint was filed on May 25, 1978 and was served by certified mail on defendant Hemmerle on June 2, 1978, in the Western District of Kentucky by the United States Marshal for the district. The answer was filed in this district on July 21, 1978 and contained defenses on the merits, the defense of improper service and a cross-claim against defendant's brother, James Coakley, originally a co-defendant in the action. There is also no question that the three-year limitations period for conversion actions of this type, New York CPLR § 214(3), see *Ryder v. Sheldon*, 69 A.D.2d 768, 415 N.Y.S.2d 35, 37 (App.Div. 1st Dep't 1979); *Zolli v. Zolli*, 8 Misc.2d 582, 155 N.Y.S.2d 733, 736–37 (Sup.Ct. New York Co. 1956), would have expired in this case in the fall of 1979, unless the statute was tolled.

Under New York law the statute of limitations is tolled by personal service of the summons upon a defendant. CPLR § 203(b)(1).[3] In a diversity case under the federal rules, federal process (the summons and complaint) may be served outside the State where the court is sitting through service in "the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an

---

**1.** Counsel was permitted to make the motion at a pre-trial status conference held on June 10, 1980. Thus there is no question of the timeliness of the motion under Rule 12(b)'s second sentence, which requires that "[a] motion making any of these defenses [numbered (1)–(7)] shall be made before pleading if a further pleading is permitted."

The motion was grounded also on the Rule 12(b)(4) defense of "insufficiency of process," but such a motion is properly directed to the content of the process, *viz.*, the formal requirements of a summons, which are not at issue here. See 5 Wright and Miller, Federal Practice and Procedure, § 1353 at 578 (1969 ed.).

**2.** The decision overruled the view adopted in the Second Circuit that the limitation period could be tolled by the filing of an action in federal court. See *Sylvestri v. Warner & Swasey Co.*, 398 F.2d 598 (2d Cir. 1968), reaffirmed

in *Ingram v. Kumar*, 585 F.2d 566, 568 (2d Cir. 1978), *cert. denied*, 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979). Neither party has discussed the retroactivity of the *Walker* decision.

**3.** Plaintiff has argued that the limitations period was tolled during the period that defendant has remained absent from New York. See CPLR § 207. The argument plainly cannot be sustained since defendant was subject to jurisdiction in New York under the long arm statute, § 302, and § 207 expressly "does not apply" to toll the statute of limitations "while jurisdiction over the person of the defendant can be obtained without personal delivery of the summons to him within the state." § 207(3). See *Immediate v. St. John's Queens Hospital*, 65 A.D.2d 783, 410 N.Y.S.2d 328 (App.Div.2d Dep't 1978), *aff'd*, 48 N.Y.2d 671, 421 N.Y.S.2d 875, 397 N.E.2d 385 (1979).

action brought in the courts of general jurisdiction of that state." Rule 4(d)(7). See also Rule 4(e). As plaintiff acknowledges (Pl. Memo at 4), service of process by certified mail is not authorized under New York law, except by order of court, which was not obtained here. See, *e. g., A. L. Stamm & Co. v. Wilensky*, 49 A.D.2d 722, 372 N.Y. S.2d 674 (App.Div. 1st Dep't 1975), *leave to appeal denied*, 38 N.Y.2d 709, 382 N.Y.S.2d 1029, 346 N.E.2d 828 (Ct.App.1975).[4]

■ Thus far, it is plain that a technical reading of the law favors defendant's position. If service was improper under New York law, then the limitations period never was tolled, and an attempt now to serve new process would be untimely. Nevertheless, we conclude that the relief of dismissal defendant seeks cannot be granted because her conduct in this litigation constitutes a waiver of the defense she has raised.

■ It is undisputed that defendant received actual notice of the action; her signature appears on the certified mail return receipt attached to the Kentucky marshal's return on service. It is also true, however, that when she appeared in the action her answer raised the defense of improper service, thus preserving it from waiver under Rule 12(h)(1)(B).[5] Nevertheless, the " '[federal] Rules are not inclusive of the circumstances in which a defense will be deemed waived. Rule 12(h) simply defines the outer and absolute limits of timeliness. It does not preclude waiver by implication.' " *Sherman v. Moore*, 86 F.R.D. 471, 473 (S.D. N.Y.1980), quoting *Altman v. Liberty Equi-*

*ties Corp.*, 322 F.Supp. 377, 378–79 (S.D.N. Y.1977). Thus, where one of the defenses enumerated in Rule 12(b)(2)–(5) had been timely interposed it was deemed waived nonetheless where the defendant's conduct between the answer and motion was held to belie a *bona fide* intention to raise the issue. See, *e. g., Vozeh v. Good Samaritan Hospital*, 84 F.R.D. 143 (S.D.N.Y.1979) (two-year delay in challenging personal service); *Fairhope Fabrics, Inc. v. Mohawk Carpet Mills, Inc.*, 140 F.Supp. 313 (D.Mass.1956) (venue defense waived where defendant's conduct in defending action indicated venue was not inconvenient).

As indicated above, the suit was originally brought against Hemmerle and her brother, a citizen of New York. Defendant included in her answer a cross-claim against her brother seeking to hold him liable for any liability she might incur. When it became apparent that the common citizenship of plaintiff and defendant Coakley destroyed the court's diversity jurisdiction, the parties stipulated to drop Coakley as defendant and permit defendant Hemmerle to file a third-party complaint against him instead of her cross-claim. The court approved the stipulation by order dated October 19, 1978. It was by filing her cross-claim, and later obtaining the court's approval to file a third-party claim, that defendant waived her otherwise timely objection to the manner in which she was served with process.

The provision in Rule 12(b) that "[n]o defense or objection is deemed waived by

---

4. Even if service by certified mail were permissible under Rule 4(d)(1) absent a local rule of this court, which the court doubts, compare *Florey v. Airline Pilots Association, International*, 439 F.Supp. 165 (D.Minn.1977), *aff'd on other grounds*, 575 F.2d 673 (8th Cir. 1978) (upholding service by certified mail pursuant to local Marshal's program), see also 77 F.R.D. 613, 619 (proposed amendment, Rule 4(d)(8), permitting service by certified mail), that would not validate the service in this case. "[U]se of Rule 4(d)(1) is clearly limited to instances where service is made within the territorial limits of the state in which the district court where the action is pending, sits. Fed.R. Civ.P. 4(f); 2 J. Moore, Federal Practice, ¶ 4.42[2] at 1293.30 *et seq.* (1974)." *Zarcone v.*

*Condie*, 62 F.R.D. 563, 566 (S.D.N.Y.1974). See *Lisowski v. Schaack*, 71 F.R.D. 570, 572 (E.D. Wis.1976).

5. The observation of the court in *Grammenos v. Lemos*, 457 F.2d 1067, 1070–71 (2d Cir. 1972), is pertinent here: "The standards set in Rule 4(d) for service on individuals and corporations are to be liberally construed, to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice.... But there must be compliance with the terms of the rule, and absent waiver, incomplete or improper service will lead the court to dismiss the action unless it appears that proper service may still be obtained."

being joined with one or more other defenses or objections in a responsive pleading or motion," it is generally agreed, has abolished the pre-Rules need for a special appearance prior to a general appearance, to attack personal jurisdiction or improper service. See, *e. g., Grammenos v. Lemos*, 457 F.2d 1067 (2d Cir. 1972). Nevertheless, it has remained unsettled to what extent, by permitting matters in abatement to be pleaded as defenses in the answer with defenses on the merits, the drafters of the federal rules also eliminated the longstanding rule typified by Justice Holmes in *Merchants Heat & Light Co. v. J. B. Clow & Sons*, 204 U.S. 286, 27 S.Ct. 285, 51 L.Ed. 488 (1906). There it was held that by setting up a claim for relief against another party, the defendant who was otherwise contesting jurisdiction "became a plaintiff in its turn, invoked the jurisdiction of the court in the same action, and by invoking submitted to it." 204 U.S. at 288, 27 S.Ct. at 285.[6]

A frequent source of difficulty with this rule has been the modern practice surrounding compulsory counterclaims, which must be pleaded in a responsive pleading upon pain of loss. See Rule 13(a). The courts, understandably, have espoused different views. *Compare, e. g., North Branch Products, Inc. v. Fisher*, 284 F.2d 611, 615 (D.C. Cir.1960) (waiver); *Beaunit Mills, Inc. v. Industrias Reunidas F. Matarazzo, S.A.*, 23 F.R.D. 654 (S.D.N.Y.1959) (waiver; defense should be raised by pre-answer motion), *with, e. g., Dragor Shipping Corp. v. Union Tank Car Corp.*, 378 F.2d 241 (9th Cir. 1967) (no waiver); *cf. Hasse v. American Photograph Corp.*, 299 F.2d 666, 668–69 (10th Cir. 1962) (treating as equivalent to compulsory counterclaim, a "cross-complaint" by the

third-party defendant employee against the plaintiff accident victim who had sued only the defendant-third-party plaintiff employer).

The courts have more easily found waivers of (b)(2)–(b)(5) defenses following the *Merchants Heat* rule where the defendant impleaded a third party, *Globig v. Greene & Gust Co.*, 193 F.Supp. 544 (E.D.Wis.1961), *but see Majerus v. Walk*, 275 F.Supp. 952 (D.Minn.1967) (distinguishing *Globig* because permission to implead was only alternative relief sought by defendant before court); and, more frequently, where defendant interposed a non-compulsory counterclaim, *e. g., Freeman v. Bee Machine Co.*, 319 U.S. 448, 453, 63 S.Ct. 1146, 1149, 87 L.Ed. 1509 (1943); *Switzer Bros. Inc. v. Chicago Cardboard Co.*, 252 F.2d 407 (7th Cir. 1958). *Cf. Hadden v. Rumsey Products*, 196 F.2d 92, 95 (2d Cir. 1952) (service of summons not required in Rule 60(b) proceeding where foreign judgment creditor had sought to file foreign judgment in New York).

The approach indicated by the foregoing cases, distinguishing compulsory from permissive counterclaims and other voluntarily interposed claims for relief, also has found some scholarly acceptance. See 5 Wright and Miller, Federal Practice and Procedure, § 1397. But see *Neifeld v. Steinberg*, 438 F.2d 423, 426–31 (3d Cir. 1971).

In accordance with the foregoing, the defendant's motion to dismiss for want of proper service is denied.

SO ORDERED.

---

**6.** "[S]ervice of original process ... is the means of securing jurisdiction by the court over the defendant's *person* or over the *res.* Without jurisdiction over the person or the *res*, the court cannot render a valid decree, even if it has subject matter jurisdiction.... [T]he basic purpose of service of original process is to inform the defendant, or the owner of the property that is the subject of the action, of the nature of the action, as well as to secure jurisdiction over the named defendant. Even in the absence of proper service, a party may submit himself to the jurisdiction of the court. And though in federal court the special appearance has been abolished and the defense of lack of proper service may be joined with other defenses under rule 12 without thereby waiving this defense, defendant still may be deemed to have waived the defense by defending on the merits or taking other action amounting to a waiver." 2 J. Moore, Federal Practice, ¶ 4.02[3] at 4–45, 4–46—48 (2d ed. 1980) (footnotes omitted).