OPINION OF THE COURT
Stephen G. Crane, J.
Motion to confirm and cross motion to reject, in part, the report of Referee Alex J. Colgan dated March 18, 1985; and motion to dismiss the complaint for lack of personal jurisdiction and cross motion to strike this affirmative defense, determination of which has been held in abeyance pending receipt of the Referee’s report, are decided as follows:
The parties agree with the Referee that service upon Mrs. Simon Rosenbaum-Elam was improper. His report is confirmed to the extent it recommends that the complaint be dismissed against this defendant.
Mr. Rosenbaum-Elam, a Swiss resident, received an envelope containing the summons and complaint when he went to the post office pursuant to a notification left at his home in Zurich that a registered letter awaited pickup at the post office. He went to one of the service windows at the post office, received from the postal clerk an envelope containing the summons and complaint and signed a receipt referring to the contents of the envelope. Upon arriving at home Mr. Rosenbaum-Elam opened the envelope and found the summons and complaint.
*591 Under Swiss law, process may be served through the mail. Accordingly, under Swiss law a postman is included in the enumeration of persons who may serve process. An affidavit of service from the Swiss postal agent in the case at bar recites her delivery of the envelope to Mr. Simon Rosenbaum-Elam. The plaintiff relies on this as personal service pursuant to CPLR 308 (1) and the Referee agreed.
CPLR 308 (1) envisions personal service upon a natural person by delivering the process within the State to the person to be served. Where long-arm jurisdiction under CPLR 301 or 302 is available, personal service is authorized out of State in the same manner as if made within the State. Such service may be made, inter alia, by persons authorized to make service within this State or by persons authorized to make service in the foreign jurisdiction, CPLR 313. Unlike Switzerland, New York does not permit service by registered, certified or regular mail except by court order. (CPLR 308 [5]; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 313.06, at 3-280.) No such court order is found in this case. In personam jurisdiction cannot be obtained by such service, in the absence of a court order (Matter of Stamm & Co. v Wilensky, 49 AD2d 722, l Iv denied 38 NY2d 709; Merz v Hemmerle, 90 FRD 566, 568).
Nevertheless, the Referee has concluded that since service by the postal clerk is authorized under Swiss law, such service is acceptable here. This conclusion is based on a misreading of CPLR 313. Merely because a postal clerk is authorized to effect service in Switzerland is no basis for disregarding the limitation in CPLR 313 that the method of such service conform to New York law. A postal clerk over the age of 18 years, not a party to the action, may serve process in New York as well (CPLR 2103 [a]). This circumstance does not, however, undermine the prohibition against service by mail. Thus, the manner of service in Switzerland must be the same as if Switzerland were New York. (Cf. Matter of Anonymous v Anonymous, 104 Misc 2d 611, 614, citing McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C313:2, p 295, and Dobkin v Chapman, 21 NY2d 490, 501.)
Neither does the circumstance that a postman hand-delivers to the defendant an envelope containing the summons and complaint alter the case. The postal clerk was not selected and directed to act as a process server; she acted strictly in her capacity as an employee of the Swiss postal authorities. Furthermore, it was fortuitous that the envelope was hand- *592 delivered to defendant when he came, pursuant to routine postal notification, to the post office to pick it up. Instead, he could have signed for it at home and plaintiff would have been confronting incomplete service under CPLR 308 (2).
On the contrary, Mr. Simon Rosenbaum-Elam was not served personally at all. Routine steps of mail delivery, even though they include handing the parcel to a defendant, are nothing more than service by mail. That the postman is authorized to effect mail service under Swiss law cannot be used so facilely to circumvent the requirement that the method of service conform to New York law.
Accordingly, the motion to confirm is granted only as to service on Mrs. Rosenbaum-Elam and otherwise the motion is denied. The motion to reject in part the report of the Referee is granted as to service on Mr. Rosenbaum-Elam. Plaintiff’s motion, decision of which was held in abeyance, to strike the affirmative defense of lack of in personam jurisdiction is denied. The cross motion, likewise held in abeyance, to dismiss for lack of jurisdiction over the persons of defendants, Mr. and Mrs. Rosenbaum-Elam, is granted.
Settle order on notice providing for a severance as to the remaining defendant Brandwynne.